Wyly, J.
The defendant having heen tried and convicted of murder and sentenced according to law, appeals from the judgment of the *692 court below. He assigns in this court certain errors, which we will notice in the order stated by him.
First — He alleges the court erred in refusing his challenge for cause when Louis Schwartz, one of the panel of jurors, was presented to him.
Schwartz, examined on his voir dire, stated that “he had formed an impression, based on newspaper statements, and that it would require evidence to change this impression.” On cross-examinatiou in regard to removing this impression he was asked “ would it require considerable evidence.” To which he answered: “I can not draw such a distinction. To me all evidence is evidence. It would require some evidence.”
Questioned by the court, “You have stated that you had an impression, and you have also stated that it was not an opinion : now, sir, I want to know if that opinion will give way to evidence.” He answered, “Yes.” We think the court did not err in refusing the challenge for cause.
8econd> — He assigns the court erred in refusing the following question propounded to a witness: “You have stated that Coleman received in his youth severe injuries upon the head; you have stated also that his language and conduct were at times strange and extraordinary; was that conduct and language that of a rational man V1 The opinion of the witness was properly rejected. Without detailing the facts in regard to the language and conduct of the accused, which witness thought strange and extraordinary, his opinion as to whether “ that conduct and language was that of a rational man,” was calculated to mislead the jury. Language and conduct which the witness might think were not that of a rational man, might not, if disclosed, produce the same conclusion with the jury.
• Third — The objection set up in the third assignment is answered in our remarks in reply to the second.
Fourth — The fourth objection is to the following charge given by the judge to the jury: “ The killing once proved, the burden of extenuation and of showing all circumstances of accident, misfortune or justification, are thrown upon the defendantthat “ when insanity is pleaded in defense of a criminal act it must be clearly shown to have existed at the time of the commission of the act;” and that “every person is presumed to be sane until the contrary is proved, and it is for him who sets up this defense to prove it by evidence which will satisfy the minds of the jurors that the party was insane at the time of the commission of the offense.” And finally that “drunkenness is no excuse for crime, and any state of mind resulting from drunkenness, unless it be a permanent and continuous result, still leaves the person responsible for his acts.” This charge was undoubtedly correct.
*693 Fifth — That the court erroneously refused to charge the jury as follows : “ If the defense to an indictment is insanity, the burden of proof is on the government to satisfy the jury beyond a reasonable doubt that the prisoner was sane when he committed the act; and if the jury entertain any doubts of his sanity, they must acquit him of guilt.” The court did not err. The burden of proof is upon the party setting up the defense.
Sixth — The sixth objection is answered in our remark in reply to the fifth.
Seventh^The seventh objection is also answered in our remark in reply to the fifth. The party setting up the deiense of insanity must establish it.
Eighth — Error is assigned because the court refused the following charge to the jury: “ Where a person is insane at the time he commits a murder, he is not punishable as a murderer, although such insanity be remotely occasioned by undue indulgence in spirituous liquors.” The court did not err. It had previously charged that “drunkenness is no excuse for crime, and any state of mind resulting from drunkenness, unless it be a permanent and continuous result, still leaves the person responsible for his acts.” This charge was a true exposition of the law, and the instruction refused was calculated to mislead the jury.
Ninth — The answer to the ninth objection is, as stated previously, the State is not bound to prove the sanity of the accused. He who alleges insanity as a defense must prove it.
Tenth — The tenth objection is answered in our remarks in reply to the previous objections.
Eleventh — Error is assigned because the court refused the following charge: “If some controlling disease was in truth the acting power within the prisoner, which he could not resist, or if he had not a sufficient use of his reason to control the passions which prompted the act complained of, he is not responsible.” The court did not err. The instruction was calculated to mislead the jury. To avoid responsibility for the offense it devolved upon the accused to prove the defense of insanity.
Twelfth — The answer to the twelfth objection is the same as that stated in reply to the eleventh.
Thirteenth — Error is assigned because the record fails to disclose the names of the grand jurors by whom the indictment was found, the time and place at which the grand jury was formed, and the indictment was found by twelve or more.
In the record is found the following copy of the minutes of court on April 30, 1874: “ The grand jurors duly empanneled and sworn in and for the body of the parish of Orleans appeared this day into court, and *694 being called, retired to consider upon the business laid before them; they afterward returned into court and presented the following bill of indictment.” It was signed by the foreman, and the record further shows that it was filed and recorded. There is no force in this objection.
Fourteenth — Error is assigned because the record fails to show that the defendant was asked if he had' any thing to say why sentence of the law should not be pronounced on him. The remark in the decree “and having nothing to offer in arrest of judgment,” of course implies that the defendant was asked if he had any thing to say why sentence of the law should not be pronounced on him.
Fifteenth — It is lastly assigned as error that the record fails to show that the prisoner was present in court when the motion for new trial was made and refused. This is unimportant.
The objection that the court allowed the Attorney General, after announcing that the evidence in behalf of the State was closed, to offer another witness, is without weight. It was within the discretion of the judge.
Judgment affirmed.
Rehearing refused.